UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CURTIS ARMOUR,

    Petitioner,

    v.                                  CAUSE NO. 3:20-CV-446-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Curtis Armour, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISO-19-12-16) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possession of a controlled substance in violation of Indiana Department of Correction Offense 202. Following a hearing, he was sanctioned with a loss of ninety days earned credit time.

Armour argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence for a finding of guilt. He states that correctional staff did not scientifically verify that the confiscated items were synthetic cannabinoids and that evidence indicated that other inmates had possession of the confiscated items.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

At the time of the offense, departmental policy defined Offense 202 as "possession or use of any unauthorized substance controlled pursuant to the law of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike."[1] The administrative record includes a conduct report in which a correctional officer represents that he saw Armour remove an object from his pants and hand it to another inmate who dropped the object and maneuvered on the floor to a third inmate who picked it up and placed it in a trash can. ECF 8-1. Correctional staff searched the trash can and found that the object was a plastic bag containing eight packages of plant material. *Id.* It also includes a photograph of the eight packages, which resemble marijuana or synthetic cannabinoids, and a video recording of the incident as described in the conduct report. ECF 8-2, ECF 14.

The conduct report, the photograph, and the video recording constitute some evidence that Mr. Armstrong committed possession of a controlled substance as defined by departmental policy, notwithstanding that other inmates also briefly possessed the controlled substance. Further, there is no right to scientific verification for prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due

---

[1] Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses (eff. June 4, 2018), available at http://www.lb7.uscourts.gov/IDOC%20Adult%20Disciplinary%20Process%20 Appendix%20I%20-%20Offenses%206-4-2018.pdf.

process protections beyond those provided by *Wolff*). Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Armour argues that he is entitled to habeas relief because correctional staff did not allow him to review the video recording. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, a hearing officer may consider confidential information without allowing an inmate to personally review them, particularly if it would present a risk to safety or security. *See White*, 266 F.3d at 767 ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."); *Outlaw v. Anderson*, 29 F. App'x 372, 374 (7th Cir. 2002). According to the summary of the video recording, correctional staff determined that allowing Armour to review the recording would have allowed him to learn the capabilities of the facility cameras, which would have presented a risk to the safety and security of the facility. ECF 8-5. Therefore, the argument that Armour was not allowed to review the confidential witness statements is not a basis for habeas relief.

Armour argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He represents that the hearing officer demonstrated bias by denying him a lay advocate, denying his requests for witnesses, and disregarding evidence that another inmate put the contraband in the trash can. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was

personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The record contains no indication that the hearing officer had any personal involvement in the underlying charge. Further, though the hearing officer found Armour guilty and may have denied his requests, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Armour also argues that he is entitled to habeas relief because he did not receive notice of the conduct report until he was screened a month after the incident occurred. Procedural due process does not require notice of the disciplinary charges within particular amount of time after the alleged misconduct occurs. *See Wolff*, 418 U.S. at 563-66; *White*, 266 F.3d at 768. While departmental policy may have required more timely notice of the conduct report, the failure to follow departmental policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Finally, Armour argues that he is entitled to habeas relief because the correctional staff imposed unauthorized sanctions, including restrictive housing, corporal punishment, and the denial of recreational privileges. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir.

4

2009). Because this claim does not relate to the fact or duration of Armour's sentence, it is not a basis for habeas relief.

Because Armour has not asserted a valid claim for habeas relief, the habeas petition is denied. If Armour wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Curtis Armour leave to proceed in forma pauperis on appeal.

SO ORDERED this June 29, 2021.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge